**C.E. JACOBS, Jr. and Tate Shirt Makers, Inc.**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION.**

**No. CIV–2–85–505.**

United States District Court, E.D. Tennessee, Northeastern Division.

June 25, 1986.

Francis L. Lloyd, Jr. & James E. Brading, Johnson City, Tenn., for plaintiffs.

Alan L. Spear & Michael L. Powell, Knoxville, Tenn., for defendant.

## ORDER

HULL, Chief Judge.

Defendant, Federal Deposit Insurance Corporation (FDIC) has moved to dismiss this action for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. Plaintiffs originally filed this action in state court and seek money damages, injunctive relief and a declaration that any and all claims of the FDIC against plaintiffs are null and void. Plaintiffs assert that the FDIC's handling and disposition of certain items of collateral pledged by plaintiffs to secure promissory notes has been commercially unreasonable. The notes, which are in default, are held by the FDIC in its corporate capacity, having been obtained from the receiver of the failed First Peoples Bank of Washington County.

Defendant asserts that plaintiffs' claims are claims sounding in tort which must be brought in accordance with the Federal Tort Claims Act (FTCA); that plaintiffs have failed to exhaust the jurisdictionally prerequisite administrative procedures; and, that therefore, this Court lacks jurisdiction to hear this cause. Plaintiffs assert that their claims are based on contract, not tort, because they arise out of the security agreements. Plaintiffs attempt to read UCC provisions into the security agree-

ments much like implied warranties. The plaintiffs' position is not well taken.

Plaintiffs' claims are related to the security arrangements, but the duty to dispose of collateral in a commercially reasonable manner arises out of statute, T.C.A. § 47–9–507(1), or federal common law. *See, FDIC v. Rodenberg,* 571 F.Supp. 455 (D.Md.1983). When liability arises from a "breach of a duty imposed by statute or case law and not by contract" the liability is in tort. *FDIC v. Citizens Bank & Trust Co.,* 592 F.2d 364, 369 (7th Cir. 1979), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37. For example, in the contractual setting, the parties have a duty not to make material misrepresentations, but an action for misrepresentation is a tort action. The duty cannot be read into the contract somehow to characterize the suit brought on a misrepresentation as a claim for breach of contract. It is the same in the instant case. The duty to dispose of the collateral in a commercially reasonable manner does not arise from the security agreement and thus, an action for breach of this duty cannot be characterized as a breach of contract action.

Further, plaintiffs seek, among other relief, "damages for the injuries caused by FDIC's commercially unreasonable handling and disposition of the collateral...." Seeking damages for injuries caused by another's acts or omissions seems to fall clearly within the scope of the FTCA. 28 U.S.C. § 2675(a). Thus, the Court finds that it lacks subject matter jurisdiction because plaintiffs have failed to comply with the administrative prerequisites of the FTCA. *Id.* For the same reasons, the state court did not have subject matter jurisdiction, and therefore remand to the court from which this action was removed, as requested by plaintiffs, would be improper.

Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED and this action is hereby DISMISSED. Rule 12(b)(1), Federal Rules of Civil Procedure.